# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>    Petitioner,<br><br>    v.<br><br>BRIAN MARTINEZ, et al.,<br><br>    Respondents. | Case No.: 1:14-cv-00511-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE |

Petitioner is a civil detainee proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on April 11, 2014. Petitioner alleges that he is a civil detainee, serving an indeterminate commitment in the Coalinga State Hospital, Coalinga, California, pursuant to California's Sexually Violent Predator Act ("SVPA"), codified in California Welfare and Institutions Code § 6600 et seq. Along with the indeterminate term, California law requires the Department of Mental Health ("DMH") to file an annual report on whether the committed person still meets the definition of a sexually violent predator or whether conditional or unconditional release of the person is warranted. Cal. Welf. & Inst. Code § 6605(a). If the DMH determines that conditional or unconditional release is warranted and the State contests that determination, the State must prove beyond a reasonable doubt that the person still meets the definition of a sexually violent predator. §

6605(b)-(d). If, on the other hand, the DMH determines that the person still meets the definition of a sexually violent predator, the person may petition the court to be released. § 6608(a). In such a case, the person bears the burden to prove by a preponderance of the evidence that he is no longer a sexually violent predator. § 6608(i).

In this case, however, Petitioner does not challenge either the original finding that he is a sexually violent predator or any subsequent proceedings regarding his status as an SVP and his ongoing, indeterminate commitment. Instead, Petitioner contends that he is being denied access to the courts by being denied writing supplies, e.g., envelopes, stationery, postage, etc. (Doc. 1, pp. 3-4).[1]

## **DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has also held that "[h]abeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Docken v. Chase, 393 F. 3d 1024, 1031 (9th Cir. 2004)("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but

---

[1] The Court takes judicial notice of its own docket and files. In doing so, the Court notes that Petitioner has filed, within the space of one week, four separate habeas corpus petitions regarding the conditions of his commitment at the Coalinga State Hospital. The Court also notes that, since his original commitment, Petitioner has filed no less than 41 other civil rights and habeas corpus cases in this district.

not fall squarely within, the 'core' challenges identified by the Preiser Court.")

In contrast to a habeas corpus challenge to the fact or duration of confinement, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, as mentioned, Petitioner alleges that he is being denied access to the courts by being deprived of writing supplies that would permit him to file additional cases and litigate existing ones. As relief, Petitioner requests an order requiring Respondents to produce 48 manila envelopes and folders, typing paper, and unlimited copying services, unlimited postage, and unlimited access to the legal research materials.  (Doc. 1, p. 4).  Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement.  No relief requested by Petitioner in his petition would affect the fact or duration of Petitioner's current commitment.  Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983. [2]

///

---

[2] The Court notes Petitioner has field numerous cases in this District: Cranford v. Gomez, Case No. 1:93-cv-05756; Cranford v. Director of C D C, Case No. 1:94-cv-05649; Cranford v. Chacon, Case No. 1:96-cv-05848; Cranford v. Newland, 2:94-cv-00592; Cranford v. Gomez, Case No.: 2:94-cv-01773; Cranford v. Willams, Case No.: 2:94-cv-02076; Cranford v. Thor, Case No.: 2:95-cv-00865; Cranford v. Taylor, Case No.: 1:07-cv-01136; Cranford v. Nickels, Case No.: 1:07-cv-01812; Cranford v. Estrellado, Case No.: 1:07-cv-01829; Cranford v. Salber, Case No.: 1:08-cv-00063; Cranford v. Manion, Case No.: 1:08-cv-00978; Cranford v. Avila, 1:08-cv-01734; Cranford v. Badagon, Case No.: 1;11-cv-00736; Archie Cranford v. Ahlin, Case No.:1:11-cv-1199; Cranford v. Medina, Case No.: 1:13-cv-00210; Cranford v. Medina, Case No.: 1:13-cv-00211; Cranford v. Medina, Case No.: 1:13-cv-00459; Cranford v. Valley, Case No.: 1:13-cv-00533; Cranford v. Perryman, Case No.:1:13-cv-00581; Cranford v. Perryman, Case No.:1:13-cv-00763; Cranford v. Perryman, Case No.: 1:13-cv-00773; Cranford v. Perryman, Case No.: 1:13-cv-00853; Cranford v. Perryman, Case No.: 1:13-cv-854; Cranford v. Perryman, Case No.: 1:13-cv-00906; Cranford v. Perryman, 1:13-cv-01308; Cranford v. Badagon, Case No.: 1:13-cv-01496; Cranford v. Smith, Case No.: 1:13-cv-01555; Cranford v. King, Case No.: 1:13-cv-01658; Cranford v. Smith, Case No.:1:13-cv-01886; Cranford v. Crawford, Case No.: 1:13-cv-00055; Cranford v. Wyatt, Case No.: 1:13-cv-00136; Cranford v. Tinna, Case No.: 1:14-cv-00171; Cranford v. Adams, Case No.: 1:14-cv-00174; Archie Cranford v. Ceballos, Case No.: 1;14-cv-00210; Cranford v. Brain, Case No.: 1:14-cv-00221; Cranford v. Palos, Case No.: 1:14-cv-00242; Cranford v. Adams, Case No.: 1:14-cv-00252; Cranford v. Seward, Case No.: 1:14-cv-00277; Cranford v. Martinez, Case No.: 1:14-cv-00333; Cranford v. S., Case No.: 1:14-cv-00439; Cranford v. O'Brin, Case No.: 1:14-cv-00499; Cranford v. King, Case No.: 1:14-cv-00501; Cranford v. Martinez, Case No.: 1:14-cv-00511; Cranford v. Martinez, Case No.: 1:14-cv-00513.  Of these, 22 are still ongoing and of these four were filed during April 2014, two in March 2014, six in February 2014 and 2 in January 2014.  Of those that have been closed, not one has been determined to have merit.  The suggestion that prison official have interfered with his access to the Court is patently ludicrous.

**ORDER**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED for Petitioner's failure to state any cognizable federal habeas claims.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 17, 2014**                    **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE